UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| KELSEY KELLEY, ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | COMPLAINT |
| BARRY UNIVERSITY and ) | |
| SISTER LINDA BEVILACQUA, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is an action seeking redress for the denial of equal educational opportunity and violation of civil rights caused by the defendants. The actions of Barry University and Sister Linda Bevilacqua constitute discrimination against Kelsey Kelley on the basis of her disability. The defendants at all times acted in bad faith or with gross misjudgment in their failure to accommodate the Plaintiff's demonstrated disability and by retaliating against the Plaintiff for the exercise of her protected rights.

2. Kelsey Kelley is a dedicated student who has overcome tremendous obstacles in order to pursue her education. Kelsey plans to dedicate her life to giving back to others by pursuing a career as a nurse.

3. Despite knowledge of life-threatening medical emergencies caused by Kelsey's Brittle Type I Diabetes, the defendants failed to provide reasonable accommodations in order for Kelsey to complete the final two courses necessary to achieve her Bachelor's degree.

4. As Kelsey advocated for her statutory right to reasonable accommodations, the defendants retaliated against Kelsey, including stalling on any action, revoking previous offers of

1139068v1

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 2 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

assistance and accommodations, and eventually halting all responses to requests.

5. The defendant's actions have caused Kelsey to experience a tremendous amount of stress and left her unable to complete her education and pursue her dream of serving others as a registered nurse.

6. The Plaintiff seeks relief pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*, and the Florida Civil Rights Act, Fla. Stat. §760.01, *et seq.*

## PARTIES

7. The Plaintiff, Kelsey Kelley, is the subject of this action. She is a student with a disability who is entitled to all the rights, entitlements, and procedural safeguards mandated by applicable laws and statutes, including but not limited to the Rehabilitation Act and the ADA. Kelsey is and was at all times relevant to this action, an adult resident of Massachusetts.

8. The defendant, Barry University, is a not-for-profit corporation incorporated in Florida. The defendant is an undergraduate school whose operations affect commerce. As such, the defendant meets the definition of a public accommodation pursuant to 42 U.S.C. § 12181(7).

9. Barry University receives federal financial assistance through its participation in federal student aid programs.

10. The defendant, Sister Linda Bevilacqua, is and was at all times relevant to this action, the President of Barry University. As president of the school, Sister Linda is in a position to receive federal funds on behalf of the University. Sister Linda is also responsible for insuring that the university complies with state and federal law. Sister Linda supervises the policies and decisions of Barry University faculty and staff and oversees the operation of the University as a whole. Sister Linda is sued in her official capacity.

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 3 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

12. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2), as the defendants reside in the instant judicial district pursuant to 28 U.S.C. § 1391(c)(2) and a substantial part of the events or omissions giving rise to the instant claims occurred in this judicial district.

## FACTS

13. Kelsey Kelley is a student with a disability who is eligible for reasonable accommodations under federal law.

14. Kelsey has been diagnosed with Brittle Type I Diabetes which has resulted in multiple incidents of diabetic ketoacidosis and hypoglycemic seizures and has contributed to stress and anxiety.

15. Kelsey's medical conditions include physical and mental impairments which substantially limit her major life activities, particularly eating, concentrating, and thinking and result in impairments to her endocrine system.

16. Kelsey is a woman driven to dedicate her professional livelihood caring for others as a nurse. She demonstrates tremendous effort and dedication to her schoolwork and resilience in the face of her disability.

17. Kelsey's prior coursework and grades demonstrate that she is otherwise able and qualified to participate in and complete the nursing program at Barry University. In addition, Kelsey has commenced coursework in Massachusetts with necessary accommodations and has performed with excellence, further demonstrating her qualification and ability.

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 4 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

18. Kelsey matriculated to Barry University in the Fall of 2014 as a student in the school's College of Nursing and Health Sciences.

19. In September 2014, during her first semester, Kelsey went into diabetic ketoacidosis. She was rushed to the emergency room and admitted to the hospital for ten days. She spent five of those days intubated and sedated. Kelsey suffered from residual pulmonary issues lasting for months following this incident.

20. Kelsey was discharged from the hospital on a Friday and was required to take an exam the following Monday. Barry University knew or should have known about Kelsey's disability and hospitalization at that time given the amount of class time that Kelsey missed. She received no accommodations.

21. In August 2015, Kelsey met with Ms. Allison Kowlessar, the Coordinator of the University's Office of Disability Services, in order to request accommodations for testing.

22. Kelsey provided medical documentation of her disability and explained how diabetes affects her, including the anxiety she experiences. She explained that she was proscribed medication for diabetes, stress, and anxiety from her endocrinologist, Dr. Misha Denham, and provided a letter that her endocrinologist had written.

23. Ms. Kowlessar indicated that Kelsey needed a letter from a counselor or psychologist and that the letter from her endocrinologist was not sufficient for accommodations.

24. The letter from Dr. Denham was sufficient evidence to award reasonable accommodations to Kelsey.

25. In place of accommodations, Ms. Kowlessar referred Kelsey to counseling services. Kelsey attended and paid for counseling services, but they were not helpful.

26. In September 2015, Kelsey was again hospitalized with diabetic ketoacidosis. She was

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 5 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

unable to eat and became profoundly malnourished. Kelsey missed a significant amount of class time.

27. Kelsey reached back out to Ms. Kowlessar a week before her first exam of the semester to again request accommodations for testing. Ms. Kowlessar stated that the information Kelsey had provided did not support a request for testing accommodations. Despite the evidence that Kelsey had provided, Barry University again refused reasonable accommodations for Kelsey that semester.

28. Prior to taking her exams, Kelsey notified her professors that because of her high blood sugars she would be drinking water and may have to use the restroom during exams. The professors refused to allow her to use the bathroom, despite allowing students with colds to exit the classroom for tissues during testing.

29. In January 2016, Eileen Hineline, the Director of Health Services at Barry University, reached out to Ms. Kowlessar on Kelsey's behalf and explained the effects of Type I diabetes. Barry University then agreed to provide accommodations for Kelsey.

30. Kelsey received accommodations, including extra time on tests and a distraction-reduced environment, after speaking to Ms. Leslie Rouder from the Office of Disability Services and requesting accommodations on the school's online platform, without having to provide any separate or additional documentation.

31. In February 2016, Kelsey's insulin pen malfunctioned, leading to great stress and requiring that she be hospitalized in Florida in the Intensive Care Unit due to another incident of diabetic ketoacidosis.

32. After her discharge, Kelsey continued to feel ill and was readmitted to the hospital in Massachusetts. Barry University was aware of Kelsey's hospitalization in February 2016.

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 6 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

33. Prior to her discharge from the hospital, Barry contacted Kelsey about having missed exams and when she would be required to make them up. Barry notified Kelsey that if she did not take her exams by a certain date there would be consequences for her education.

34. Kelsey felt pressured to take her exams despite not feeling well in light of Barry University's threat. Kelsey took her exams only one day after she had begun eating again. Barry University failed to provide any accommodations for Kelsey during these exams, including the approved accommodations that Kelsey had requested and been approved for approximately a month earlier.

35. On June 25, 2016, Kelsey experienced a severe, life-threatening hypoglycemic seizure which resulted in a blackout of memory as a result of her Brittle Type I Diabetes.

36. Kelsey's endocrinologist, Dr. Denham, believes that the seizure was caused primarily by a lapse in Kelsey's chronic basal insulin, Tresiba, which resulted when Kelsey's insurance company stopped covering the medication, requiring her to switch to an alternative insulin.

37. The dosage of Kelsey's insulin was incorrect and was not corrected until July 6, 2016. Managing Kelsey's insulin levels is a process that can impact her academic performance for days or weeks.

38. A seizure may impact cognitive function for days, weeks, or even permanently. A severe hypoglycemic seizure can result in permanent brain damage.

39. A hypoglycemic episode can be associated with confusion lasting for several days.

40. Kelsey's hypoglycemia and seizure resulted in memory loss, confusion, and crushing back spasms and pain.

41. On June 28, 2016, just three days after her seizure, Kelsey met with her advisor and professor, Dr. Clare Owen. Kelsey explained to Dr. Owen that she had had a seizure. Despite the

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 7 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

facts that Dr. Owen was familiar with Kelsey's diabetes and her need for accommodations, and that Kelsey's ability to request accommodations was impaired as a result of her disability and Barry University's prior bad faith conduct and unwillingness to accommodate, Dr. Owen refused to provide accommodations or even discuss the event with Kelsey.

42. On June 29, 2016, just four days after her seizure and one day after her conversation with Dr. Owen, Kelsey sat for her last lecture exam.

43. Dr. Denham found that Kelsey's seizure and subsequent back pain impaired her ability to study and sit for exams for this period of time.

44. On July 7, 2016, Kelsey took a final exam and Kaplan test.

45. Together with her last lecture exam, these exams comprised of fifty percent of Kelsey's final grade for the course.

46. During the exams, Kelsey continued to feel the effects of the hypoglycemia seizure. She had low insulin levels and was suffering from anxiety, debilitating lack of energy and strength, easy distractibility, trouble with focus, and memory challenges. As a result, she was not able to perform commensurate with her skills and knowledge.

47. In addition, during her final and Kaplan exams, Barry University failed to effectively implement the accommodations to which the Office of Disability Services had determined that she was entitled.

48. Kelsey was not informed that she was receiving extra time on the Kaplan exam. Therefore, Kelsey was not aware that the timer counting down on the screen during the exam was not accurate. Kelsey rushed through the exam with the belief that she had limited time. When she learned that she did have extra time, the format of the online exam did not allow her to return to the earlier questions.

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 8 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

49. Kelsey did not pass the course based on her performance during these exams.

50. Kelsey also failed to complete the role transition course, a practicum course, based upon the time she missed while ill and/or hospitalized.

51. After receiving the scores for her exams, Kelsey appealed to Dr. Owen and Dr. Colvin, the professor of her role transition course, to reasonably accommodate her. The professors told Kelsey that they would not consider any accommodations for her disability.

52. On July 11, 2016, Kelsey and her mother met with Dr. Tony Umadhay, the Associate Dean of Barry University's College of Nursing and Health Science to file a grade appeal. Dean Umadhay told Kelsey he was unable to override the decision of the professors.

53. Kelsey and her mother then met with Sister Linda Bevilacqua, President of Barry University. During that meeting, Sister Linda was made aware of Kelsey's disability and her previous requests for accommodations. Sister Linda suggested that Kelsey should be allowed to retake the final exam and agreed to speak with Dr. Owen on Kelsey's behalf.

54. However, in retaliation from a letter by Kelsey's attorney requesting accommodations, Sister Linda refused further communications with and assistance to Kelsey in an email dated July 14, 2016.

55. Requests for accommodation were then made on Kelsey's behalf to Dr. Maria Alvarez, the Associate Vice President and Dean of Students, and Dr. John McFadden, Dean of the College of Nursing and Health Services. No one from Barry University was willing to accommodate Kelsey's disability or address her request for accommodations.

56. Kelsey's repeated requests for accommodations were reasonable and included such options as an ability to retake the final exam and Kaplan test, allowing her to repeat the course at another accredited institution in Massachusetts, and/or not counting the exams and providing

8

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 9 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

greater weight to her earlier exams. In regards to the role transition course, Kelsey reasonably requested that the length of time for completing the course be extended and that she be allowed to shadow nurses in Massachusetts to make up the hours she missed.

57. Given Kelsey's health, and as determined by her doctors, it was important that Kelsey be permitted to retake the exams and/or repeat the course and complete her shadowing requirement in Massachusetts.

58. In response to Kelsey's requests for accommodations, Barry University stalled in providing any accommodations, leading to a significant period of time between Kelsey's seizure and any action on the University's part.

59. Kelsey's legal counsel spoke to counsel for Barry University on three occasions and emailed him on six occasions before he agreed in a phone call on August 5, 2016, that Kelsey could retake the exams in Massachusetts.

60. Barry University further stalled in scheduling Kelsey's retake of the exams until a phone conversation on September 6, 2016, a month after their initial agreement to allow Kelsey to retake the exam.

61. This phone conversation occurred following three emails from Kelsey's legal counsel, to which no response was ever received, including a threat to file a complaint with the U.S. Department of Education's Office of Civil Rights.

62. The makeup exams were scheduled for September 21, 2016, more than two and a half months after Kelsey initially took the exams and three months since the completion of the course.

63. After receiving the complaint filed with the U.S. Department of Education's Office of Civil Rights, Barry University refused Kelsey's request to take the exam in Massachusetts, requiring her to fly to Florida in order to complete the exams. Barry University also proposed that

9

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 10 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

Kelsey could complete her practicum, role transition course in Florida.

64. The proposed accommodations were insufficient to meet Kelsey's needs, as both accommodations required her to be present in Florida, away from her medical team in Massachusetts. In addition, Barry University's stalling on the accommodation resulted in a significant gap in time between Kelsey's participation in the course and her retaking of the exam.

65. Prior to retaking the exam, Kelsey was not provided with the same study material, including practice quizzes, that other students had access to prior to taking their exams. Kelsey's request for access to these quizzes went unanswered. Kelsey also lost access to a website with webinars for a period of time before the exam.

66. Given the time that had elapsed since the course and her lack of access to necessary study materials, and Barry University's failure to accommodate her disability, Kelsey did not pass her exams.

67. While in Florida following the exam, Kelsey attempted to meet with her professor, Dr. Owen, to review the exam, but Dr. Owen was not available. That same day, Barry University's general counsel assured Kelsey that she could review the exam with Dr. Owen remotely. As a result and for health reasons, Kelsey returned to Massachusetts the evening after the exam.

68. The next day, Dr. Owen emailed Kelsey refusing to accommodate her need to review the exam remotely.

69. Later that week, Dr. Owen agreed to review the exam remotely subject to certain conditions. Dr. Owen provided only one time during which she was available to review the exam with Kelsey.

70. Kelsey was unable to meet with Dr. Owen at the time that Dr. Owen had suggested, because she had a doctor's appointment related to her diabetes. Despite repeated requests, a new

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 11 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

date and time to review the exam was never proposed.

72. Since Kelsey has retaken her exams, repeated requests for reasonable accommodations have been made. These accommodations would allow for Kelsey to complete her degree by taking a comparable course in Massachusetts. These requests have gone unanswered.

72. Despite five years of hard work and dedication, Kelsey has been unable to obtain her bachelor's degree in light of the defendants' failure to accommodate her disability.

73. The accommodations that Kelsey has requested are reasonable and would not fundamentally alter the education or degree that she would receive.

74. The defendants have demonstrated bad faith in failing to accommodate Kelsey's disability and stonewalling or stalling on making any accommodations to meet her needs and reasonable requests. The defendants knew about Kelsey's disability and hospitalizations and yet continued to fail in providing reasonable accommodations, including those which had previously been approved by the University's Office of Disability Services.

## **COUNT I**

Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794
(Against Defendants Barry University and Sister Linda Bevilacqua in her official capacity)
Failure to Accommodate Disability

75. The Plaintiff realleges paragraphs 1 through 74 above and incorporates them herein by reference.

76. Kelsey Kelley is an otherwise qualified student with a disability, as defined by 42 U.S.C. § 12102.

77. Barry University is a recipient of federal financial assistance, including participation in federal student aid programs.

78. As president of the University, Sister Linda Bevilacqua, is in a position to accept

11

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 12 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

federal funds on behalf of the University.

79. Defendants were aware of Plaintiff's disability and requests for accommodations.

80. Plaintiff's requests for accommodations were reasonable and in line with federal regulations, particularly 34 C.F.R. § 104.44.

81. Recipients of federal financial assistance must provide education and related aids and services designed to meet the individual educational needs of disabled persons as adequately as the needs of non-disabled persons and may not discriminate on the basis of disability in providing these services.

82. Pursuant to 29 U.S.C. § 794 and 34 C.F.R. § 104.44, Defendants are required to make such modifications to its academic requirements as are necessary to ensure that academic requirements do not discriminate or have the effect of discrimination on the basis of disability against a qualified student.

83. Defendant, Barry University, acted with gross misjudgment and bad faith, in violation of Section 504 of the Rehabilitation Act, when it refused and/or stalled in providing reasonable accommodations to Kelsey as she had requested.

84. Defendant, Barry University, acted with gross misjudgment and bad faith, in violation of Section 504 of the Rehabilitation Act, when it failed to provide reasonable accommodations or even adhere to the accommodations that had been granted to Kelsey by the Office of Disability Services.

85. Defendant, Barry University, acted with gross misjudgment and bad faith, in violation of Section 504 of the Rehabilitation Act, when it provided accommodations which were insufficient to meet Kelsey's needs and failed to respond to further requests for accommodations.

86. Defendant, Sister Linda Bevilacqua, acted with gross misjudgment and bad faith, in

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 13 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

violation of Section 504 of the Rehabilitation Act, when she withheld assistance and reasonable accommodations to Plaintiff in light of her evidenced disability.

## COUNT II

<u>Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*</u>
<u>(Against Defendants Barry University and Sister Linda Bevilacqua in her official capacity)</u>
<u>Failure to Accommodate Disability</u>

87. The Plaintiff realleges paragraphs 1 through 74 and 76 through 86 above and incorporates them herein by reference.

88. Kelsey Kelley is an otherwise qualified student with a disability as defined by 42 U.S.C. § 12102.

89. Barry University is a public entity considered a public accommodation based upon its status as an undergraduate school pursuant to 42 U.S.C. § 12181(7)(J).

90. As president of the University, Sister Linda Bevilacqua is a person who operates a place of public accommodation pursuant to 42 U.S.C. § 12182(a). *See* 28 C.F.R. §§ 36.104.

91. Defendants were aware of Plaintiff's disability and her requests for accommodations.

92. Title III requires public accommodations to make reasonable modifications in policies, practices, or procedures when necessary to make services accessible to individuals with disabilities.

93. Pursuant to Title III of the Americans with Disabilities Act, Defendants are required to make such modifications to its academic requirements as are necessary to ensure that academic requirements do not discriminate or have the effect of discrimination on the basis of disability against a qualified student.

94. The actions of the Defendants in failing to reasonably accommodate the Plaintiff's disability and failure to enter into a timely and interactive process with Plaintiff to determine what,

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 14 of 18

*Kelsey v Barry University. Et al., US SDFL Case No.* _____

if any accommodations could be made, constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

## COUNT III

<u>Violation of the Florida Civil Rights Act, Fla. Stat. §760.01, *et seq.*</u>
<u>(Against Defendants Barry University and Sister Linda Bevilacqua in her official capacity)</u>
<u>Failure to Accommodation Disability</u>

95. The Plaintiff realleges paragraphs 1 through 74, 76 through 86 and 88 through 94 above and incorporates them herein by reference.

96. Disability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims. Therefore, both legal claims should be reviewed together.

97. Kelsey Kelley is an otherwise qualified student with a disability as defined by 42 U.S.C. § 12102.

98. Barry University is a public entity considered a public accommodation based upon its status as an undergraduate school pursuant to 42 U.S.C. § 12181(7)(J).

99. Sister Linda Bevilacqua is a person who operates a place of public accommodation pursuant to 42 U.S.C. § 12182(a). *See* 28 C.F.R. §§ 36.104.

100. Defendants were aware of Plaintiff's disability and her requests for accommodations.

101. Title III requires public accommodations to make reasonable modifications in policies, practices, or procedures when necessary to make services accessible to individuals with disabilities.

102. Pursuant to Title III of the Americans with Disabilities Act, Defendants are required to make such modifications to its academic requirements as are necessary to ensure that academic requirements do not discriminate or have the effect of discrimination on the basis of disability against a qualified student.

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 15 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

103. The actions of the Defendants in failing to reasonably accommodate the Plaintiff's disability and failure to enter into a timely and interactive process with Plaintiff to determine what, if any accommodations could be made, constitutes a violation of the Americans with Disabilities Act, and therefore also violate the Florida Civil Rights Act.

## COUNT IV

Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794
(Against Defendants Barry University and Sister Linda Bevilacqua in her official capacity)
Retaliation

104. The Plaintiff realleges paragraphs 1 through 74, 76 through 86, 88 through 94 and 96 through 103 above and incorporates them herein by reference.

105. Plaintiff engaged in a protected activity when she requested reasonable accommodations both on her own behalf and through her attorney.

106. Defendants had knowledge that Plaintiff made requests for reasonable accommodations.

107. In retaliation for Plaintiff's request for accommodations through her attorney, Sister Linda Bevilacqua revoked her offer to reach out to Kelsey's professor and allow her to retake the final exam.

108. In retaliation for Plaintiff's complaint with the Office of Civil Rights, Barry University revoked its offer allowing Kelsey to retake her exams in Massachusetts.

109. In retaliation for Plaintiff's continued advocacy, Barry University refused to respond to communications and to arrange a review of her final exams.

110. Defendants' actions constitute a violation of Section 504 of the Rehabilitation Act.

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

## COUNT V

Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*
(Against Defendants Barry University and Sister Linda Bevilacqua in her official capacity)
Retaliation

111. The Plaintiff realleges paragraphs 1 through 74, 76 through 86, 88 through 94, 96 through 103 and 105 through 110 above and incorporates them herein by reference.

112. Plaintiff engaged in a protected activity when she requested reasonable accommodations both on her own behalf and through her attorney.

113. Defendants had knowledge that Plaintiff made requests for reasonable accommodations.

114. In retaliation for Plaintiff's request for accommodations through her attorney, Sister Linda Bevilacqua revoked her offer to reach out to her professor and allow her to retake the final exam.

115. In retaliation for Plaintiff's complaint with the Office of Civil Rights, Barry University revoked its offer allowing Kelsey to retake her exams in Massachusetts.

116. In retaliation for Plaintiff's continued advocacy, Barry University refused to respond to communications and to arrange a review of her final exams.

117. Defendants' actions constitute a violation of Title III of the ADA.

## COUNT VI

Violation of the Florida Civil Rights Act, Fla. Stat. §760.01, *et seq.*
(Against Defendants Barry University and Sister Linda Bevilacqua in her official capacity)
Retaliation

118. The Plaintiff realleges paragraphs 1 through 74, 76 through 86, 88 through 94, 96 through 103, 105 through 110 and 111 through 117 above and incorporates them herein by reference.

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 17 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

119. Anti-retaliation claims under the FCRA are virtually identical to retaliation claims under the ADA, and therefore, Florida courts analyze the two claims together.

120. Plaintiff engaged in a protected activity when she requested reasonable accommodations both on her own behalf and through her attorney.

121. Defendants had knowledge that Plaintiff made requests for reasonable accommodations.

122. In retaliation for Plaintiff's request for accommodations through her attorney, Sister Linda Bevilacqua revoked her offer to reach out to her professor and allow her to retake the final exam.

123. In retaliation for Plaintiff's complaint with the Office of Civil Rights, Barry University revoked its offer allowing Kelsey to retake her exams in Massachusetts.

124. In retaliation for Plaintiff's continued advocacy, Barry University refused to respond to communications and to arrange a review of her final exams.

125. Defendants' actions constitute a violation of Title III of the ADA, and therefore, violate the Florida Civil Rights Act.

**PRAYERS FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

126. Take jurisdiction of this matter and declare Plaintiff's rights under the laws violated by Defendant;

    a. Permanently enjoin Defendants from further unlawful conduct;

    b. Enjoin Defendants to provide reasonable accommodations to Plaintiff in the attainment of her degree, including without limitation, the ability to complete her remaining course at an alternative institution in Massachusetts, complete

Case 1:19-cv-22617-DPG   Document 1   Entered on FLSD Docket 06/24/2019   Page 18 of 18

*Kelsey v Barry University. Et al., US SDFL Case No. _____*

      her shadowing of nurses in Massachusetts, and/or exclude her exams from her grade while providing greater weight to her earlier exams;

c. Award Plaintiff compensatory damages in an amount warranted by the evidence at trial, including without limitation, her tuition and expenses during her time at Barry University and the cost of her flights to and from Florida to retake her exams;

d. Award Plaintiff other nominal, general, special and consequential damages incurred as a result of Defendant's conduct;

e. Award Plaintiff punitive damages;

f. Award Plaintiff prejudgment and post-judgment interest;

g. Award reasonable attorney fees and costs incurred in this action; and

h. Award such other relief as permitted by statute and as this Court shall consider to be fair and equitable.

## JURY DEMAND

The Plaintiff hereby demands a jury trial on all claims and issues so triable.

**DATED** this 24th day of June, 2019.

                                                  Respectfully submitted:

                                                  **REINER & REINER, P.A.**
*Counsel (local) for Plaintiff*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

                                                    /S/ DAVID P. REINER II
By: _____
 **DAVID P. REINER II**; FBN 416400